**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eliseo CATARINO–SANCHEZ,**
**Defendant—Appellant.**

No. 05–10325.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided May 3, 2006.

Patrick J. Walsh, AUSA, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: B. FLETCHER, BEEZER, and FISHER, Circuit Judges.

MEMORANDUM *

Eliseo Catarino–Sanchez appeals the district court's denial of his motion to suppress evidence seized during a highway traffic stop. The district court's denial of a motion to suppress is reviewed *de novo* and its factual findings are reviewed for clear error. *United States v. Garcia*, 205 F.3d 1182, 1186 (9th Cir.2000). Whether an officer had reasonable suspicion to detain a suspect is a mixed question of law and fact and is reviewed *de novo*. *United States v. Thomas*, 863 F.2d 622, 625 (9th Cir.1988). Because the parties are familiar with the facts we need not recite them.

"[T]he scope of an investigative detention must be carefully tailored to its underlying justification and may last no longer than is necessary to effectuate the purpose of the stop." *United States v. Chavez–Valenzuela*, 268 F.3d 719, 724 (9th Cir. 2001) (quoting *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)) (alterations omitted). Questions asked during an investigative stop must be reasonably related in scope to the justification for the stop. *United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001).

■ The officers' request that Sanchez and his passenger Sutton produce their identification and their questions re-

garding travel plans were sufficiently related to the purpose of the traffic stop to be justifiable under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See Chavez–Valenzuela*, 268 F.3d at 725 n. 4 (permissible questions include those related to the driver's "starting point, destination and general travel plans"). Additional conversation between the officers and Sanchez and Sutton regarding the purpose of the trip and planned activities was permissible as it took place while the records check was being conducted and did not delay the traffic stop. *See Garcia*, 205 F.3d at 1185, 1187.

■ An officer may broaden the scope of his questions beyond those related to the purpose of the stop "only if he notices particularized, objective factors arousing his suspicion." *Chavez–Valenzuela*, 268 F.3d at 724. A court must consider the totality of the circumstances, including the officers' experience and specialized training, to determine whether reasonable suspicion exists. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

The officers testified that they had noticed the following suspicious factors before they expanded the scope of the detention: (1) Sanchez appeared nervous; (2) Sanchez and Sutton were traveling from a known "drug hub"; (3) Sanchez was carrying approximately $3500 in cash, mainly in $20 bills; (4) $20 bills are a common denomination for street level narcotics deals; and (5) Sanchez and Sutton told inconsistent stories regarding their travels.[1] Con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. It is questionable whether questions about the specific contents of Sanchez' pocket, after the officer determined that his pockets did not

contain a weapon, were permissible under *Terry*. *See Minnesota v. Dickerson*, 508 U.S. 366, 378, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). We need not decide this issue, however, as we conclude that the officers had reasonable suspicion under the totality of the

sidering the totality of the circumstances, the officers had reasonable suspicion to prolong the detention. *See United States v. Perez,* 37 F.3d 510, 514 (9th Cir.1994).

Although we disagree with the district court's conclusion that the officers' actions transformed the traffic stop into a consensual encounter, because reasonable suspicion existed, the validity of the officers' additional questions and the prolonged detention does not depend on the encounter being consensual. *See Chavez–Valenzuela,* 268 F.3d at 724–25.

**AFFIRMED.**

* The Honorable Eugene E. Siler, Jr., Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

circumstances even in the absence of knowledge of the money.